IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHAM MANGALVEDKAR, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:12-CV-4802-L** |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand, filed December 24, 2012. After careful consideration of the motion, response, record, and applicable law, the court **denies** Plaintiff's Motion to Remand.

**I.    Background**

Dr. Sham Mangalvedkar ("Plaintiff" or "Dr. Mangalvedkar") originally filed this action on August 29, 2012, in the 95th Judicial District Court, Dallas County, Texas, against Drs. Mark Taylor ("Taylor") and Arthur Soule ("Soule"). Dr. Mangalvedkar asserted claims of libel, slander, defamation, and business disparagement against the doctors. Defendants Taylor and Soule removed this action to federal court pursuant to 28 U.S.C. §§ 1441, 1442, 2679, and 1346(b)(1) on November 26, 2012, "because it constitutes tort claims for personal injury against the federal government and/or its agency and or employees and such claims may only be brought in federal court." Notice of Removal 1.

By order on December 18, 2012, the court granted the Motion to Substitute the United States of America as Party Defendant, and the United States of America was substituted as a

party defendant for Defendants Taylor and Soule. These doctors are no longer defendants in this case. The court supplemented this order on May 9, 2013.

Plaintiff contends that this action should be remanded because all of his claims are state law claims that are not allowed under the Federal Tort Claims Act and that this court therefore lacks subject matter jurisdiction. He contends that Drs. Taylor and Soule made and published inappropriate, inaccurate, disparaging, and false statements about his ability and performance as a doctor, and further contends that they were acting as individuals and clearly outside the scope of their employment when they allegedly made and published these statements that damaged his reputation as a doctor, as well as his reputation overall. According to Plaintiff, his claims therefore cannot be construed as claims against the United States, and this action should be remanded to state court.

The United States contends that removal of the action was proper under 28 U.S.C. § 2679(d)(2), often referred to as the "Westfall Act," because it confers jurisdiction on a federal district court as long as the government employee was acting within the scope of his employment at the time of the incident out of which the claims arose. The court agrees.

## II. Discussion

The primary statute applicable to whether this action is removable provides as follows:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This

> certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2). On November 26, 2012, Ms. Sarah Saldana, United States Attorney for the Northern District of Texas, acting pursuant to this authority and that delegated by the Attorney General of the United States to United States Attorneys pursuant to 28 C.F.R. § 15.4, certified that Drs. Taylor and Soule were acting within the scope of their employment at the time of the incidents out of which Plaintiff's claims arose. Once this certification occurs, the plain language of the statute authorizes removal from state court to the federal district court that embraces the district and division in which the action is pending. *Id.*; *Osborn v. Haley*, 549 U.S. 225, 241 (2007) (citation omitted). "For purposes of removal, the certification conclusively establishes that the employee was acting within the scope of his employment." *Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir. 2003) (citation omitted); *Garcia v. United States*, 88 F.3d 318, 322 (5th Cir. 1996) (holding that removal is mandated for an action filed in state court once certification is made).

Further, a district court has "no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted." *Osborn*, 549 U.S. at 241. In other words, for removal purposes, once the certification is made and the action is removed, the district court may not remand the action to state court. As the removal of this case was authorized by statute and all procedural steps were correctly followed in the removal process, the court may not remand this action to state court.

### III. Conclusion

For the reasons herein stated, the court determines that this action was properly removed pursuant to statutory authority and **denies** Plaintiff's Motion to Remand.

**It is so ordered** this 13th day of May, 2013.

_____
Sam A. Lindsay
United States District Judge