IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAM MANGALVEDKAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-4802-L** |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant's Motion to Dismiss Plaintiff's Complaint, filed January 25, 2013; Plaintiff's Motion for Leave to File First Amended Petition, filed May 9, 2013; and Plaintiff's Motion for Court's Reconsideration of Substitution of the United States as Party Defendant, filed May 30, 2013. After careful consideration of the motions, responses, replies, record, and applicable law, the court **grants** Defendant's Motion to Dismiss Plaintiff's Complaint; **denies** Plaintiff's Motion for Leave to File First Amended Petition, and **denies** Plaintiff's Motion for Court's Reconsideration of Substitution of the United States as Party Defendant.

## I.    Factual and Procedural Background

Dr. Sham Mangalvedkar ("Plaintiff" or "Dr. Mangalvedkar") originally filed this action on August 29, 2012, in the 95th Judicial District Court, Dallas County, Texas, against Drs. Mark Taylor ("Taylor") and Arthur Soule ("Soule"). Dr. Mangalvedkar asserted claims of libel, slander, defamation, and business disparagement against the doctors. Defendants Taylor and Soule removed this action to federal court pursuant to 28 U.S.C. §§ 1441, 1442, 2679, and 1346(b)(1) on November 26, 2012, "because it constitutes tort claims for personal injury against

the federal government and/or its agency and or employees and such claims may only be brought in federal court." Notice of Removal 1.

By order on December 18, 2012, the court granted the Motion to Substitute the United States of America (the "United States" or "Defendant") as Party Defendant, and the United States was substituted as a party defendant for Defendants Taylor and Soule. These doctors are no longer defendants in this case. The court supplemented this order on May 9, 2013. The court denied Plaintiff's Motion to Remand on May 13, 2013.

## II.     Jurisdictional Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even

at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue. *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

### III. Discussion

#### A. Plaintiff's Motion to Dismiss

##### 1. Contentions of the Parties

The United States contends that this action should be dismissed because the Federal Tort Claims Act ("FTCA") specifically excludes claims arising out of libel, slander, misrepresentation, deceit, or interference with contract rights and that the court therefore lacks subject matter jurisdiction. It further contends that the court lacks subject matter jurisdiction because Plaintiff has failed to exhaust his administrative remedies as required under the FTCA.

Plaintiff agrees with Defendant's contention that the court lacks subject matter jurisdiction but for different reasons. Although he did not object to the United States being substituted as a party defendant initially, Plaintiff now urges the court review its earlier decision holding that Drs. Soule and Taylor were acting within the scope of their employment. Dr.

**Memorandum Opinion and Order – Page 3**

Mangalvedkar offers no reason why he did not timely oppose or object to the United States Attorney's certification. In any event, he contends the allegedly wrongful acts of Drs. Soule and Taylor occurred in Alabama, that Alabama state law applies, and that application of Alabama law does not support a finding that Drs. Soule and Taylor were acting within the scope of their employment. Further, he contends that the claims he asserted against the two doctors are state law claims that do not raise a federal question. Dr. Mangalvedkar urges the court to reconsider its earlier order holding that Drs. Soule and Taylor were acting within the scope of their employment at the time of the incidents out of which his claim arose, reinstate Drs. Soule and Taylor as individual defendants; remove the United States as a party defendant; allow him to replead his claims pursuant to the federal standard, and dismiss this action for lack of subject matter jurisdiction.

The United States replies that Plaintiff has waived his right to have the court reconsider whether Drs. Soule and Taylor were acting within the scope of their employment. Defendant further points out that Plaintiff did not address its exhaustion argument and contends that Plaintiff should not be allowed to amend his pleadings because any attempt at amendment would be futile.

### 2. Waiver

The United States contends that Dr. Mangalvedkar waived his right to have the court reconsider whether Drs. Soule and Taylor were acting within the scope of their employment. Plaintiff did not address this argument in his response. Plaintiff never timely responded or objected to the Motion to Substitute the United States as a Party Defendant. Now, he seeks to do so by asking the court to reconsider its orders of December 18, 2012, and May 13, 2013 which

**Memorandum Opinion and Order – Page 4**

granted the motion and substituted the United States as a party defendant in place of Drs. Soule and Taylor, and clarified the court's reasons for doing so.

Courts and litigants often use "forfeiture" and "waiver" interchangeably; however, the court believes "forfeiture," rather than "waiver," is the appropriate term to describe Plaintiff's inaction regarding the motion to substitute. "Forfeiture" is the "failure to make timely assertion of a right," and "waiver" is the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (citations omitted); *Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996). In this case, Dr. Mangalvedkar failed to take advantage of his right to file a response to the motion to substitute within 21 days of the date it was filed. *See* Loc. Civ. R. 7.1(e). Further, Plaintiff offers no explanation for his failure to timely file a response. Under these circumstances, the court believes that Plaintiff has forfeited his right to respond. Even assuming that Plaintiff had timely filed a response, his challenge to the court's certification is without merit, as he, for the reasons that follow, fails to carry his burden in this regard.

### 3.   Challenge to Certification

A plaintiff who desires to challenge the certification of the Attorney General or that of his designee that an employee's conduct was within the scope of that employee's employment has the burden to establish that such employee's conduct was *not* within the scope of his employment. *Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir. 2003) (citing *Williams v. United States*, 71 F.3d 502, 506 (5th Cir. 1995)). While certification conclusively establishes that an employee was acting within the scope of his employment for purposes of removal, certification is judicially reviewable for purposes of substitution. *Counts*, 328 F.3d at 214 (citation omitted). When a federal court reviews a certification for purposes of substitution, it must apply the law of

**Memorandum Opinion and Order – Page 5**

the state where the allegedly tortious conduct occurred. *Garcia v. United States*, 62 F.3d 126, 127 (5th Cir. 1995) (en banc). Further, although the burden to prove that the employee was acting outside the scope of his employment is on the plaintiff, a court may not defer to the Attorney General's certification as *prima facie* evidence that the employee was acting within the scope of his employment. *Williams*, 71 F.3d at 505-06 (footnote and citation omitted).

Based on Plaintiff's pleadings, the conduct occurred in the state of Alabama, and the court therefore looks to Alabama law to decide this issue. Alabama law provides as follows:

> The rule which has been approved for determining whether certain conduct of an employee is within the line and scope of his employment is substantially that if an employee is engaged to perform a certain service, whatever he does to that end, or in furtherance of the employment, is deemed by law to be an act done within the scope of the employment.

*Solmica of the Gulf Coast, Inc. v. Braggs*, 232 So. 2d 638, 642 (Ala. 1970) (citations omitted). Stated differently, in making this determination, "the dispositive question is whether the employee was engaged in an act that he was hired to perform or in conduct that conferred a benefit on his employer." *State Farm Mut. Auto. Ins. Co.*, 723 So. 2d 22, 24 (Ala. 1998). "The conduct of the employee, to come within the rule, must not be impelled by motives that are wholly personal . . . but should be in promotion of the business of his employment." *Solmica*, 232 So. 2d at 642-43.

Plaintiff offers no evidence to support his contention that Drs. Soule and Taylor were not acting within the scope of their employment at the time of the incidents that form the basis of this action. He offers only unsubstantiated allegations, speculation, and argument to meet his burden. The operative allegations of Plaintiff's Petition set forth the following:

**Memorandum Opinion and Order – Page 6**

IV.
Facts

6.      Plaintiff Dr. Sham Mangalvedkar worked as a doctor at Birmingham VA Medical Center where Defendant Dr. Mark Taylor and Defendant Dr. Arthur Soule also both worked.  The hospital is located at 700 S. 19th Street, Birmingham, Alabama 35233.

7.      While Dr. Mangalvedkar was employed at the hospital, Taylor committed libel and slander against him. Taylor also reported false and biased information to the then-acting Primary Care Chief, Dr. Arthur Soule. Upon receiving Taylor's report, Soule, acting as Chief Resident, removed Dr. Mangalvedkar from his position at the hospital.  No meetings, hearings, or other form of investigative measures were taken to ensure the accuracy of Taylor's claims or to provide Dr. Mangalvedkar any due-process opportunity to defend himself or his reputation.

8.      Dr. Mangalvedkar has been stripped of his livelihood. He may no longer perform business as a doctor as a result of his release from Birmingham VA Medical Center and the subsequent publications made by Defendants surrounding the circumstances of his release.  Dr. Mangalvedkar has furthermore had his name defamed and suffers permanent damage to his reputation as a result of negligent and malicious acts performed by Defendants.

V.
Count I - Libel, Slander, and Defamation

9.      Plaintiff re-alleges all of the preceding paragraphs as if restated herein.

10.     Defendant Taylor made inappropriate and inaccurate statements of fact to Defendant Soule regarding Plaintiff Mangalvedkar's performance as a [d]octor. Defendant Soule later published the same or substantially similar false statements to various parties, including Texas employers such as the Dallas VA Medical Center.

11.     The slanderous statements made by Defendants directly dealt with Plaintiff Mangalvedkar and his performance as a doctor.

12.     The statements made by Defendants were defamatory and injured Plaintiff's reputation as a doctor and injured his overall reputation within the community.

13.     Defamatory statements made by Defendants were untruthful.

14.     Defendant Taylor acted with malice and negligence when making defamatory statements about Plaintiff Mangalvedkar.  Defendant Soule acted with malice and negligence by propagating Taylor's defamatory statements to other

parties without taking appropriate measures to ascertain the truthfulness of those statements.

15. Plaintiff has suffered injury to his reputation. His livelihood has drastically suffered as Defendants slanderous statements inhibit Plaintiff from obtaining new employment.

VI.

Count 2 - Business Disparagement

16. Plaintiff re-alleges all of the preceding paragraphs as if restated herein.

17. Defendants published disparaging words about Plaintiff Mangalvedkar's performance and abilities as a doctor.

18. Defendants' statements about Plaintiff Mangalvedkar's were false.

19. Defendants published the harmful statements about Plaintiff Mangalvedkar with malice.

20. Defendants had no privilege to disparage Plaintif's ability as a doctor.

21. As a result of Defendants' disparaging publications, Plaintiff has lost employment opportunities with other medical facilities, including the Dallas VA Medical Facility. Defendants' disparaging comments continue to inhibit Plaintiff from obtaining other employment.

Pl.'s Original Pet. 2-4, §§ IV–VI. The plain allegations in paragraphs six through eleven, and paragraphs seventeen and twenty, in whole or part, suggest that Drs. Soule and Taylor made the alleged statements within the scope of their employment. All three doctors worked at the VA Medical Center in Birmingham. Even if the statements were made at another location or after Plaintiff no longer worked at the Medical Center, this does not prove or establish that they were made outside the scope of the doctors' employment. Whether an act is within the scope of employment turns on whether the "act is done as part of the duties the employee was hired to perform or if the act confers a benefit on [the] employer." *Hulbert*, 723 So. 2d at 23 (citation omitted).

The location or time of the act in and of itself does not put it outside the scope of the employee's employment. This is so because an act can be performed at a location other than an employee's normal duty station or outside of normal work hours as long as the act is for the benefit of the employer and not the result of motives that are wholly personal. Nothing, other than argument and speculation by Plaintiff, indicates that Drs. Soule and Taylor made any statements that were impelled by motives that were wholly personal. Moreover, Plaintiff's conclusory and nondescript allegations do nothing to aid the court in making a reasonable inference that Drs. Soule and Taylor were acting outside the scope of their employment. The statements that Drs. Soule and Taylor allegedly made are unidentified, and the Petition only refers to them as libelous, slanderous, defamatory, and disparaging. Further, nothing is referenced as to when or in what context the statements were made.

For all of these reasons, Plaintiff has come forth with no evidence (affidavit, declaration, sworn pleading, or otherwise) to demonstrate that Drs. Soule and Taylor were not acting within the scope of their employment when the alleged statements were made. Plaintiff has failed to meet his burden, and, in light of the certification by Ms. Saldana, the United States Attorney for the Northern District of Texas, the court determines that Drs. Soule and Taylor were acting within the scope of their employment at the time of the incidents from which Plaintiff's claims arose, and determines that the United States was properly substituted as a party defendant in this action.[*]

---

[*] The court in making this determination does not accord deference to the United States Attorney's certification as prima facie evidence that the doctors were acting within the scope of their employment. The court only mentions the certification in the absence of evidence by Plaintiff to show that the doctors were acting outside the scope of their employment.

**Memorandum Opinion and Order – Page 9**

### 4. Subject Matter Jurisdiction

#### a. The FTCA

The FTCA is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). This waiver is "subject to strict limitations." *In re Supreme Beef Processors, Inc.,* 468 F.3d 248, 252 (5th Cir. 2006). One of these limitations is the language of 28 U.S.C. § 2680(h), and this exception "deprive[s] courts of subject matter jurisdiction and cannot be waived." *Id.*

The United States contends that Dr. Mangalvedkar's claims for libel, slander, defamation, and business disparagement, are barred pursuant to 28 U.S.C. § 2680(h), which is part of the FTCA, and that the court lacks subject matter jurisdiction over this action. The court agrees.

The FTCA does not apply to "[a]ny claim arising out of libel, slander, misrepresentation, deceit, or interference with contract rights . . . ." 28 U.S.C. § 2680(h). From the plain language of the statute, Plaintiff's claims for libel and slander are barred. Although "defamation" is not included in the statute, it is without cavil that this claim arises out of or is fairly traceable to the same conduct that forms the basis of Plaintiff's libel and slander claims. Claims or "causes of action distinct from those excepted under section 2680(h) are nevertheless barred when the underlying government conduct 'essential' to the plaintiff's claim can be fairly read to 'arise out of' conduct that would establish an excepted cause of action." *McNeily v. United States,* 6 F.3d 343, 347 (5th Cir. 1993) (citation omitted). Accordingly, the "defamation" claim is barred and necessarily fails.

The court now addresses the claim asserted for "business disparagement." The United States analyzes this claim under Texas law, but the correct analysis must proceed under Alabama

**Memorandum Opinion and Order – Page 10**

law, because Plaintiff alleges that the incidents occurred in Alabama, and the law of the state where the acts occurred governs. 28 U.S.C. § 1346(b)(1).

Alabama does not recognize the tort of "business disparagement." Alabama's "tort of interference with business relations subsumes the torts of unfair competition and disparagement, as the latter is described in legal literature." *City Ambulance of Alabama, Inc. v. Haynes Ambulance of Alabama, Inc.*, 431 So. 2d 537, 539 (Ala. 1983) (citation omitted). "[E]ven though [a] plaintiff [may] expressly characterize[] these counts as 'unfair competition' and 'disparagement,' there are no separate torts of unfair competition and disparagement in Alabama, nor have we been shown any necessary basis for distinguishing between them." *Id.* Under Alabama law, the tort of interference with business relations also includes "interference with contractual relations." *Id.* at 539 (quoting *Business Equip. Ctr., Ltd. v. DeJur-Amsco Corp.*, 465 F. Supp. 775, 788 (D.C.D.C. 1978)). Based on Alabama law, tortious interference with business relations falls under the "interference with contract rights" language in the FTCA. As the conduct of which Plaintiff complains falls within this category, his claim for business disparagement is necessarily barred. As all claims asserted by Dr. Mangalvedkar are barred, the court lacks subject matter jurisdiction over this action.

### b.   Exhaustion of Administrative Remedies

The United States contends that this court lacks subject matter jurisdiction because Dr. Mangalvedkar failed to exhaust his administrative remedies by failing to file or present a claim to the appropriate federal agency, namely, the Department of Veterans Affairs. Defendant produced evidence that Plaintiff did not file a claim with the Department of Veterans Affairs. *See* Decl. of Sonya M. Cromwell.

**Memorandum Opinion and Order – Page 11**

Dr. Mangalvedkar counters in Plaintiff's Reply in Support of Plaintiff's Motion for Leave to File First Amended Petition that he did not fail to exhaust his administrative remedies. *Id.* at 2. He contends that he has not "presented his claims to a federal agency because there was no appropriate federal agency to present with Plaintiff's claims." *Id.* He states that the claims he asserted were intentional torts committed by the doctors acting in their individual capacity as opposed to their capacity as agents of a federal agency. According to Plaintiff he was not required to exhaust his administrative remedies because he never intended to file any claim against the doctors acting within the scope of their employment, which is why he filed state law claims. The court finds Plaintiff's argument unavailing.

The "[e]xhaustion of administrative remedies is a jurisdictional prerequisite to suit under the Tort Claims Act, and absent compliance with the statute's requirement the district court [is] without jurisdiction [to entertain the action]." *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989) (citation omitted).

Dr. Mangalvedkar did not even address the exhaustion argument when he responded to Defendant's Motion to Dismiss Plaintiff's Complaint. Plaintiff's argument, from the court's perspective is an afterthought and a thinly disguised attempt to circumvent earlier rulings by the court and avoid their consequences.

The court has determined that Drs. Soule and Taylor were acting within the scope of their employment at the time of the acts from which Plaintiff's claims arose, and Dr. Mangalvedkar, regardless of how he now characterizes his claim, was required to file them first with the appropriate federal agency. He did not file any claim with the Department of Veterans Affairs. Therefore, he failed to exhaust his administrative remedies, and the court lacks subject matter jurisdiction to entertain this action.

**Memorandum Opinion and Order – Page 12**

### B. Motion for Leave to Amend Pleadings

Plaintiff seeks leave to file an amended pleading. He seeks to clarify the facts and the bases for the claims he asserted in his original pleading. The United States opposes the motion because it believes amendment would be futile.

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). Despite Dr. Mangalvedkar's persistent efforts, the court will not revisit the issue of certification. Plaintiff has had ample opportunity to carry his burden on this issue. The proposed amended pleading contains the identical claim asserted in his original pleading, although the proposed pleading is a bit more detailed. Notwithstanding the additional factual allegations, the proposed pleading does not convince the court that Plaintiff has established that Drs. Soule and Taylor were acting outside the scope of their employment. The proposed pleading suffers from the same deficiencies and infirmities as does the original pleading. The court has ruled that it has no subject matter jurisdiction, and Plaintiff's attempt at artful pleading does not create subject matter jurisdiction. The proposed claims are barred for

**Memorandum Opinion and Order – Page 13**

the same reasons set forth by the court regarding Plaintiff's original pleading. Accordingly, any attempt to amend would be futile, and the court will not permit the proposed amended pleading.

### C. Plaintiff's Motion to Reconsider

The court believes that this motion is without merit. Plaintiff requests the court to reconsider its ruling that allowed the United States to be substituted as a party defendant. The court has adequately addressed this issue on more than one occasion. The court is convinced that Dr. Mangalvedkar failed to carry his burden and demonstrate that Drs. Soule and Taylor were not acting within the scope of their employment. Accordingly, the court sees no reason to revisit this issue and will deny Plaintiff's motion to reconsider.

## IV. Conclusion

For the reasons herein stated, the court lacks subject matter jurisdiction over this action. Accordingly, the court **grants** Defendant's Motion to Dismiss Plaintiff's Complaint; **denies** Plaintiff's Motion for Leave to File First Amended Petition, and **denies** Plaintiff's Motion for Court's Reconsideration of Substitution of the United States as Party Defendant.

**It is so ordered** this 31st day of May, 2013.

_/s/ Sam A. Lindsay_
Sam A. Lindsay
United States District Judge